# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN COOK,** | : | CIVIL NO. 1:CV-11-00259 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS PERSONNEL AT SCI-HUNTINGDON,** *et al.*, | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Brian Cook, an inmate currently incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on February 7, 2011. (Doc. 1.) He has also submitted a motion for leave to proceed *in forma pauperis*. (Docs. 2 & 6.) Plaintiff claims that Defendants, the acting Secretary of the Department of Corrections ("DOC") and a number of SCI-Huntingdon officials, failed to impose the proper maximum sentence of May 20, 2008, and as a result, he is being illegally detained. In his complaint, he seeks immediate release and damages of $1,800.00 per day for every day he is being held past his alleged maximum release date, $365.00 per day for every day he is illegally confined, and other compensatory and punitive damages totaling $30,850,000.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint will be dismissed, *sua sponte*, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

I. **Background**

The complaint alleges the following. Plaintiff claims that in 1995 the Court of Common Pleas of Philadelphia County imposed a sentence of 3-1/2 to 15 years to run concurrent to a sentence of 1-1/2 to 4 years previously imposed in 1994 by the Court of Common Pleas of Bucks County. Plaintiff further alleges that the DOC Secretary and SCI-Huntingdon officials violated his 5th, 6th, 8th, and 14th Amendment rights when they failed to enter the proper maximum sentence date in the DOC records system after he received the Philadelphia County court sentence. As a result, his maximum sentence date has been unconstitutionally extended and he is currently being illegally confined.

Plaintiff filed several grievances related to this claim. (*See* Doc. 8.) For its part, as the court gathers from the responses to Plaintiff's grievances, the DOC takes the view that it did properly enter the maximum sentence date because the Philadelphia County court sentence included a technical parole violation, and therefore Plaintiff owed backtime. (*See id*. at 60, 62.)

**II.     Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2), a court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The court will dismiss the complaint. Plaintiff is challenging the duration of his confinement, and such a challenge must proceed in *habeas corpus*. *Williams v. Cosovoy*, 453 F.3d 173, 177 (3d Cir. 2006). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court clarified the interplay between *habeas corpus* and civil rights claims. The Court ruled that a section 1983 claim for

damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted).

*Heck* has been extended to requests for declaratory and injunctive relief. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (*Heck* bars a section 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing forfeiting good-time credits). As the Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." As the Third Circuit has summarized the holding of *Heck*: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable

termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams*, 453 F.3d at 177.

*Heck*'s favorable-termination rule applies here because Plaintiff's complaint calls into question the calculation of his sentence and, in turn, the correct duration of his confinement. *See, e.g.*, *Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 833 (D. N.J. 1996) (*Heck* bars a section 1983 claim seeking declaratory relief and punitive damages premised on the denial of a timely parole hearing and the allegedly erroneous calculation of a parole eligibility date until the plaintiff succeeds in a state appellate court or federal habeas proceeding). The favorable-termination rule applies to the Eighth Amendment claims under *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989), which bars such claims until the plaintiff's purported confinement beyond his maximum sentence "has been invalidated by state authorities, the state court or by issuance of a writ of habeas corpus." *Owens v. Ortiz*, No. 05-2351, 2005 WL 1199066, at \*3 (D. N.J. May 19, 2005); *see also Mosch v. Brown*, No. 06-4067, 2006 WL 2711637, at \*3-4 (D. N.J. Sept. 20, 2006) (damages claims for confinement in excess of plaintiff's maximum term not cognizable under *Heck* when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition); *Romano v. Taylor*, No. 06-573, 2006 WL 2993231, at \*2 (D. N.J. Oct. 20, 20056) (claim that

plaintiff's housing level has illegally extended his term of confinement not cognizable under section 1983 until a state tribunal or a federal habeas court has declared the confinement illegal, noting *Sample*). Under this well-settled law, Plaintiff's complaint fails to state a claim and therefore will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  An appropriate order will issue.

                s/Sylvia H. Rambo
                United States District Judge

Dated: March 16, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN COOK,** | : | **CIVIL NO. 1:CV-11-00259** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS PERSONNEL AT SCI-HUNTINGDON,** *et al.*, | : | |
| **Defendants** | : | |

## O R D E R

AND NOW, this 16th day of March, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 2 & 6) is **GRANTED** for the sole purpose of filing this action.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3) The Clerk of Court is directed to **CLOSE** this case.

5) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge